UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14414-CIV-CANNON

**DEONDRAVIOUS LAMAR ST. FLEUR** and
**TROYSTAVIOUS JAMAR HEWITT**,

    Plaintiffs,
v.

**CITY OF FORT PIERCE, FLORIDA et al.**,

    Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CITY'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon the Partial Motion to Dismiss filed by Defendant City of Fort Pierce, Florida ("Defendant City") [ECF No. 25]. The Court has reviewed the Motion, Plaintiffs' Amended Response in Opposition [ECF No. 29],[1] Defendant City's Reply [ECF No. 31], and the full record. For the reasons set forth below, the Motion [ECF No. 25] is **GRANTED IN PART AND DENIED IN PART**.

### RELEVANT BACKGROUND

The following facts are drawn from the Amended Complaint [ECF No. 6] and accepted as true for purposes of this Order.

On December 18, 2018, Defendants Justin Gullett ("Gullett") and Atilano Garcia ("Garcia"), police officers working for Defendant City, were assigned to conduct surveillance as a part of their assignment to the Crime Suppression Unit (CSU) [ECF No. 6 ¶¶ 8–9, 12]. The officers were sitting in an unmarked car but wore "police issued raid gear" containing the police

---

[1] The Court initially struck Plaintiffs' response to the Motion to Dismiss [ECF No. 27] because it did not "include an opposing memorandum of law or respond to the arguments raised in Defendant City of Fort Pierce's Motion to Dismiss" [ECF No. 28].

department's logos, duty belt, and a visible firearm [ECF No. 6 ¶¶ 12–13]. Plaintiff Troystavious Jamar Hewitt ("Hewitt") saw the officers from inside his home, walked outside, and approached the unmarked car [ECF No. 6 ¶¶ 14–15]. Hewitt looked inside the front of the car and asked the officers why they were present [ECF No. 6 ¶ 15]. Garcia and Gullett identified themselves as police officers and told Hewitt to return to his residence [ECF No. 6 ¶ 16]. Hewitt continued questioning the officers, asking them why they were on his property and whether they were there to investigate him [ECF No. 6 ¶ 17]. The officers told Hewitt they were not investigating him and again instructed Hewitt to return to his residence [ECF No. 6 ¶ 18].

When Hewitt turned around to walk back into his home, the two officers stepped out of the unmarked vehicle and approached Hewitt, who was using his smartphone [ECF No. 6 ¶ 19]. Garcia and Gullett grabbed Hewitt's hand, causing Hewitt to drop his smartphone and breaking the screen in the process [ECF No. 6 ¶ 20]. The officers then "slammed Hewitt against the vehicle and handcuffed him" [ECF No. 6 ¶ 20(a)].

Plaintiff Deondravious Lamar St. Fleur ("St. Fleur"), after watching the interaction from inside, left his home and approached the officers [ECF No. 6 ¶ 21]. St. Fleur, recording the interactions on his smartphone, moved to get footage of Hewitt's detention despite Gullett's warning that St. Fleur should stay where he was [ECF No. 6 ¶¶ 22–23]. Both Hewitt and St. Fleur were arrested for disturbing the peace, in violation of Fla. Stat. § 877.03, and resisting an officer without violence, in violation of Fla. Stat. § 843.02 [ECF No. 6 ¶¶ 26, 27]. Defendant Davis, the officers' supervisor and "Acting Sergeant," arrived on the scene where he reviewed and approved the arrest reports written by Garcia and Gullett [ECF No. 6 ¶¶ 28–28(a)].

Hewitt and St. Fleur were taken to the St. Lucie County Jail by the officers, where they remained until they posted bond [ECF No. 6 ¶ 29]. Hewitt was charged by information with resisting an officer without violence, in violation of Fla. Stat. § 843.02 [ECF No. 6 ¶ 30]. The

charges were eventually dropped by the State Attorney [ECF No. 6 ¶ 31]. St. Fleur was similarly charged with resisting an office without violence, in violation of Fla. Stat. § 843.02 [ECF No. 6 ¶ 33]; all charges against St. Fleur were also dropped [ECF No. 6 ¶ 34].

On the basis of these allegations, Plaintiffs filed a 29-count first Amended Complaint against Defendant City and Defendants Gullet, Garcia, and Davis [ECF No. 6].[2] As relevant to this Motion, the Amended Complaint asserts the following four claims against Defendant City: (1) Claim of False Arrest by Plaintiff St. Fleur [ECF No. 6 ¶¶ 36–41 (Count 1)]; (2) Claim of False Arrest by Plaintiff Hewitt [ECF No. 6 ¶¶ 42–47 (Count 2)]; (3) Claim of Negligent Failure to Train and Supervise by Plaintiff St. Fleur [ECF No. 6 ¶¶ 66–70 (Count 5)]; and (4) Claim of Negligent Failure to Train and Supervise by Plaintiff Hewitt [ECF No. 6 ¶¶ 89–93 (Count 8)]. Plaintiffs seek damages in the form of "prejudgment interest" for each claim, along with other forms of relief not relevant to this Motion [ECF No. 6 pp. 7, 8, 13, 18].

The Motion to Dismiss is ripe for adjudication [ECF Nos. 25, 29, 31].

**DISCUSSION**

Defendant City raises two challenges to the Amended Complaint: (1) Plaintiffs' requests for prejudgment interest in the Amended Complaint are barred by Fla. Stat. § 768.28(5)(a) [ECF No. 25 p. 3]; and (2) to the extent Counts 5 and 8 seek recovery for Defendant City's instruction and training of its police officers, those claims are barred by Defendant City's sovereign immunity [ECF No. 25 pp. 3–5]. To remedy these defects, Defendant City requests dismissal with prejudice as to each of the deficient claims/counts [ECF No. 25 p. 5; ECF No. 31 p. 2]. Plaintiffs agree that the Amended Complaint is deficient in the ways identified by Defendant City but

---

[2] Plaintiffs initially filed a 34-count complaint against the same Defendants on December 13, 2022, before amending their pleading as a matter of course under Fed. R. Civ. P. 15(a)(1)(A) [ECF No. 1]. Defendants Gullet, Garcia, and Davis have filed an Answer and Affirmative Defenses to the Amended Complaint [ECF No. 22].

3

disagree as to the remedy for the deficiencies, requesting instead that the claims/counts simply be stricken from the Amended Complaint [ECF No. 29].

**I. Claims for Prejudgment Interest**

Defendant City first seeks dismissal of Plaintiffs' claims for prejudgment interest with prejudice, claiming sovereign immunity under Fla. Stat. § 768.28(5)(a) [ECF No. 25 p. 3]. Plaintiffs agree that their requests for prejudgment interest under Counts 1, 2, 5, and 8 are barred but ask the Court merely to strike the claims from the Amended Complaint [ECF No. 29 ¶ 3].

The Court agrees with the parties that Plaintiffs' prejudgment interest requests are barred by statute. Section 768.28(5)(a) of the Florida Statutes states that the liability of state agencies or subdivisions, such as Defendant City, "shall not include punitive damages or *interest for the period before judgment*." Fla. Stat. § 768.28(5)(a) (emphasis added). Because the requests for prejudgment interest are not "claims" within the meaning of Federal Rule of Civil Procedure 8(a)(2) but rather "part of the relief prayed for in a claim," *Cohen v. Off. Depot, Inc.*, 184 F.3d 1292, 1297 (11th Cir. 1999), *vacated in part on other grounds*, 204 F.3d 1069 (11th Cir. 2000), the proper remedy is not dismissal under Rule 12(b)(6) as Defendant City requests [ECF No. 25 pp. 2–3]. *Schmidt v. C.R. Bard, Inc.*, No. 14-CV-62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014) (alteration in original) (internal quotation marks omitted) ("[A] plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety."). Rather, Plaintiffs' erroneous requests for prejudgment interest are due to be stricken from the Amended Complaint. *Id.* at *7 ("[S]triking a prayer for relief . . . is proper only where the relief requested is not available as a matter of law.").

**II. Negligent Instruction and Training Claims**

Defendant City seeks dismissal of Counts 5 and 8 of the Amended Complaint with prejudice "to the extent that Plaintiffs purport to challenge the City's discretionary decisions

regarding how to train or instruct its police officers and what subject matters to include in such training or instruction" [ECF No. 25 p. 5]. Dismissal with prejudice is the only proper remedy, Defendant City argues, because the claims are barred by sovereign immunity, and Plaintiffs should be permanently barred "from asserting a similar claim in the future" [ECF No. 31 p. 2]. Plaintiffs agree to strike the words "instruct" and "train" from the Amended Complaint but do not further agree to dismissal of the claims with prejudice [ECF No. 29 ¶ 5].

It is clear that Plaintiff may not challenge Defendant City's decisions about how to train its officers and what subject matter is included in that training. *See Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001) ("A city's decision regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning."); *id.* ("[A] governmental agency is immune from tort liability based upon actions that involve its 'discretionary' functions, such as development and planning of governmental goals and policies."). As such, Defendant City is entitled to sovereign immunity in the performance of those discretionary functions.

However, the Court cannot grant Defendant City the remedy it seeks—dismissal of the claims with prejudice. And that is because "[s]overeign immunity is jurisdictional in nature." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "A dismissal for lack of subject-matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). As a result, Counts 5 and 8 of the Amended Complaint are due to be dismissed without prejudice to the extent Plaintiffs pursue claims challenging Defendant City's decisions about how to train its officers and what subject matter is included in that training. Defendant City does not challenge Plaintiffs' ability to proceed on Counts 5 and 8 insofar as Plaintiffs seek to challenge Defendant City's

CASE NO. 22-14414-CIV-CANNON

supervision of Defendants Garcia and Gullett; Plaintiffs may proceed on Counts 5 and 8 under their negligent supervision theory of liability.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant City of Fort Pierce, Florida's Motion to Dismiss [ECF No. 25] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiffs' requests for prejudgment interest in the Amended Complaint [ECF No. 6 pp. 7, 8, 13, 18] are hereby **STRICKEN**.

3. Counts 5 and 8 of the Amended Complaint [ECF No. 6 ¶¶ 66–70, 89–93] are **DISMISSED WITHOUT PREJUDICE** to the extent Plaintiffs pursue claims challenging Defendant City's decisions on how to train its officers and what subject matter is included in the training. Plaintiffs may proceed on Counts 5 and 8 to the extent they seek to challenge Defendant City's supervision of Defendants Garcia and Gullett.

4. Defendant City of Fort Pierce, Florida, shall file an Answer to the Amended Complaint on or before **June 13, 2023.**

5. On or before **June 26, 2023**, the parties shall file a **joint** scheduling report which contains all of the information specified in Local Rule 16.1 and comes accompanied by a Joint Proposed Scheduling Order that is both attached as an exhibit on CM/ECF and sent in Word format via email to cannon@flsd.uscourts.gov.

6. In addition, on or before **June 26, 2023**, the parties, including governmental parties, must file Certificates of Interested Parties and Corporate Disclosure Statements that contain a complete list of persons, associated persons, firms, partnerships, or corporations that have a financial interest in the outcome of this case, including

CASE NO. 22-14414-CIV-CANNON

subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party. Throughout the pendency of the action, the parties are under a continuing obligation to amend, correct, and update the Certificates.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 26th day of May 2023.

_____
**AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE**

cc: counsel of record